UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOREN MICHELLE TOELLE, | Case No.: 2:24-cv-00815-APG-BNW |
| Petitioner, | **Order** |
| v. | |
| WARDEN OF VICTORVILLE CAMP FCI, MED, I, | |
| Respondent. | |

This habeas corpus action, under 28 U.S.C. § 2241, was initiated, *pro se*, by Loren Michelle Toelle, on April 29, 2024. On that date, Toelle submitted for filing his habeas petition (ECF No. 1-1) and supporting exhibits (ECF Nos. 1-1, 1-2).

Toelle's petition has not been filed because Toelle did not pay the $5 filing fee for a habeas action or apply to proceed *in forma pauperis*. I will grant Toelle time to do one or the other if he wishes to proceed with this action. I will direct the Clerk of the Court to send Toelle the form he would need to apply to proceed *in forma pauperis*.

While I have not formally screened Toelle's petition under Rule 4 of the Rules Governing Section 2254 Cases, I note that the petition has obvious flaws. I will grant Toelle an opportunity to submit an amended habeas petition correcting the flaws I identify, along with his payment of the filing fee or application to proceed *in forma pauperis*, if he wishes to proceed with this action.

First, Toelle's petition is not on the form required by this Court. Perhaps in part for this reason, it lacks information that I would need to properly screen, and, if warranted, adjudicate his

petition. I will direct the Clerk of the Court to send Toelle the form he would need to draft an amended petition. If Toelle wishes to proceed with this action, he must submit, with the filing fee or application to proceed *in forma pauperis*, an amended petition for writ of habeas corpus drafted using the form provided by this Court.

Second, Toelle's petition does not clearly allege that he is in custody, or that he was in custody when his petition was submitted for filing. I observe that Toelle's mailing address is at a residence in North Las Vegas, Nevada. A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted this statutory language as requiring that a federal habeas petitioner must be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). If Toelle elects to file an amended petition and proceed with this action, his amended petition must clarify whether, and if so, where or how, Toelle is in custody, or that he was in custody on April 29, 2024, when he submitted his original petition for filing.

Third, this Court does not have jurisdiction over the respondent named in Toelle's petition. It appears from Toelle's petition that he was convicted of one or more crimes in a federal court, and he claims that the Federal Bureau of Prisons (BOP) has not properly applied the Second Chance Act (SCA) to his sentence. *See* ECF No. 1-1 at 1–2. As such, Toelle does not claim that the sentencing court imposed an illegal sentence—a claim that would have to be made in the sentencing court in a motion under 28 U.S.C. § 2255. Rather Toelle seeks relief with respect to application of the SCA in the execution of his sentence. This is, in effect, a challenge to the manner, location, or conditions of the execution of Toelle's sentence. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("Challenges to the validity of any

confinement or to the particulars affecting its duration are the province of habeas corpus….") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)); *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (challenge to the "manner in which … sentence was executed ... maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). Such a claim, challenging the manner in which a federal criminal sentence is executed, must be brought in the federal district court with jurisdiction over the respondent(s) holding the petitioner in custody, that is, in the "custodial court." It is unclear from Toelle's petition whether he is, or has ever been, in custody in Nevada. And, in his petition, Toelle names as respondent the "Warden of Victorville Camp FCI, Med, I." *See* ECF No. 1-1 at 1. The Federal Correctional Institution, Victorville, is a federal prison in Victorville, California, which is outside the jurisdiction of this court. If Toelle elects to file an amended petition and proceed with this action in this Court, he must be certain that this is the custodial court, and that this Court has jurisdiction over the respondent(s) he names.

If Toelle does not, within the time allowed by this order, (1) pay the $5 filing fee for this action or apply to proceed *in forma pauperis* using the correct form, and (2) submit for filing an amended petition for writ of habeas corpus on the correct form, I will dismiss this action, without prejudice to him filing a habeas petition in the proper court. If Toelle determines that he has filed this action in this Court in error, he may simply do nothing, and this case will be dismissed without prejudice to him filing a habeas petition in the proper court.

**I THEREFORE ORDER** that Petitioner will have 60 days from the date of this order to (1) pay the $5 filing fee for this action or file an application to proceed *in forma pauperis* using the correct form, and (2) submit for filing an amended petition for writ of habeas corpus on the correct form.

**I FURTHER ORDER** that the Clerk of the Court is directed to send to Petitioner:

- the form for a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241;

- the form for an Application to Proceed *In Forma Pauperis* by an inmate; and

- the form for an Application to Proceed In Forma Pauperis by a non-inmate.

Dated: May 9, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE